IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MEYN AMERICA, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TARHEEL DISTRIBUTORS, INC., and ) <br> JOSEPH P. ZAJAC, ) <br> ) <br> Defendants, ) <br> ) <br> v. ) <br> ) <br> DONALD ANDREW MCCOY, JR., ) <br> BLUEBEAK DISTRIBUTORS INC., and ) <br> LTA DISTRIBUTING, LLC, ) <br> ) <br> Counter-Defendants. ) <br> ) | CIVIL ACTION NO. 5:14-CV-41(MTT) |

### ORDER

Defendant Tarheel Distributors, Inc. has moved to compel Plaintiff Meyn America, LLC to provide further information in response to an interrogatory served by Tarheel. (Doc. 71). The motion also seeks sanctions against Tarheel. *Id.* For the following reasons, the motions are **DENIED**.

### DISCUSSION

Lengthy discussion is not necessary.

Pursuant to the Court's practice, the Court convened a conference on July 2, 2015 to discuss Tarheel's dissatisfaction with responses to interrogatories served by Tarheel on Meyn. After hearing from the parties, it was apparent that Meyn had not discharged its discovery obligations, primarily because it had not done the legwork

necessary to gather the data to respond properly to the interrogatories.  Accordingly, the Court directed Meyn to provide appropriate responses.

Meyn clearly recognized and appreciated the Court's dissatisfaction.  It assembled a six-person team of Meyn employees to review each of the more than 3,000 drawings at issue in the case.  This team marked each drawing to illustrate the elements of the drawings that Meyn contends made the drawings trade secrets.  Meyn produced these drawings to the Defendants and revised its interrogatory responses.

Tarheel contends that Meyn's response to one interrogatory, Interrogatory 4, is still insufficient.  Interrogatory 4 asked Meyn to identify the data in each drawing that it contends is not readily ascertainable from reverse engineering the part depicted in the drawing..  In its response to Interrogatory 4, Meyn noted the color-coded drawings and stated that "*most or all* of the trade secret elements marked by Meyn on the drawings taken by Doug Lee and referenced in response to Interrogatory No. 1 are not readily ascertainable by proper means."  (Doc. 78-2 at 8) (emphasis added).  Tarheel contends this response is insufficient because "most or all" does not specifically identify each part which Meyn contended could not be reverse engineered.

Meyn gives several reasons why its response was appropriate.  It is only necessary to discuss one.  Meyn contends that the elements it highlighted in the drawings "are not readily ascertainable using proper means because it is extremely difficult to obtain a sample part and then it is both expensive and time-consuming to divine the seven trade secret elements from a sample part." (Doc. 78 at 7).  Thus, it is Meyn's position that whether a part can be reverse engineered is dependent upon whether a sample part can be obtained.  Because Meyn does not sell its parts to

competitors such as Tarheel, Meyn believes that Tarheel would experience considerable difficulty acquiring sample parts. However, it does not know precisely which parts Tarheel could not obtain. Meyn notes that it has asked Tarheel to identify the sources from which Tarheel obtained parts for the purpose of reverse engineering but Tarheel has not provided that information. Meyn contends that if Tarheel would provide that information, it could be more specific with regard to which parts are hard to acquire.

In short, Meyn contends that it has given the only answer it can. Because it believes that "most or all" of the parts cannot be acquired by Tarheel, then Tarheel cannot reverse engineer most or all of the parts. But it cannot unequivocally say that Tarheel could obtain no sample parts. The Court finds this to be a reasonable explanation for its interrogatory response and that the response is sufficient.

Accordingly, Tarheel's motion is **DENIED**.

**SO ORDERED**, this 16th day of November, 2015.

                                                         S/ Marc T. Treadwell
                                                         MARC T. TREADWELL, JUDGE
                                                         UNITED STATES DISTRICT COURT